## SAMUEL RICHARDS v. JOSEPH E. WEST.

While a writ of injunction remains in force, its commands must be implicitly obeyed. The party injoined is not at liberty to speculate upon the intention, or question the authority of the court.

An injunction should always be plain and certain on the face of it, so that the party may understand it without reference to the bill filed.

If, on inspection of the bill, the injunction is found to be too broad, the de-

[Richards v. West.]

fendant is not to abridge it at his discretion. His remedy is to apply for such a modification of it as is suited to the case made in the bill.

RULE to show cause why an attachment should not issue, for violation of injunction.

*Browning* and *I. H. Williamson*, in support of the motion.

*Wilson*, contra.

THE CHANCELLOR. On the fifteenth of August, eighteen hundred and thirty-five, an injunction bill was filed by Richards against West, and on the same day an injunction was issued, restraining West and his confederates from cutting, felling, removing, working up, or in any way interfering with the timber, wood or trees, standing or lying on the premises mentioned and described in the said bill, or any part thereof, and from erecting any cabins or other buildings on the said premises, until answer and further order to the contrary.

On the twenty-ninth of October, eighteen hundred and thirty-five, the complainant applied for, and on producing sufficient affidavits obtained, a rule on the defendant to show cause why an attachment should not issue against him for disobeying the injunction. Under this rule a great mass of testimony has been taken, much of which is foreign to the issue.

The service of the injunction is proved; and it is clearly shown that a large quantity of wood has been cut, some of which has been coaled, and some carted away, since the injunction was served; and the attachment must go, unless the cause shown by the defendant shall be found sufficient to justify him before the court.

The main ground of justification is, that the cutting, which was continued at two different places, was not on any part of the " West Jersey Society tract," that being the name of the tract mentioned in the complainant's bill, on which the trespass had been committed ;—That within the bounds of this large tract,

58

there are a number of excepted and prior surveys, which are not considered as forming a part of the tract; that the cutting after the service of the injunction was on some or one of these excepted surveys, and therefore not within the command of the writ. This defence is not set up by answer, under the oath of the party, (for no answer has been filed,) but by affidavits of witnesses and by documents produced before the master.

If the places where the cutting has been continued, are within the injunction, the facts sought to be established by the defendant cannot avail him on this motion. A party is not at liberty to speculate upon the intention, or question the authority of the court. While the writ remains undissolved or not set aside, its commands must be implicitly obeyed.

The first inquiry is, whether these places are within the injunction. The writ sets forth, that a bill has been filed by the complainant against the defendant, to be relieved touching the matters therein contained; and that in the said bill it is, among other things, set forth, that the defendant had repeatedly threatened to cut and destroy the timber growing on certain premises in the bill mentioned and described, and lying in the townships of Galloway, Hamilton, Deptford and Gloucester, in the county of Gloucester, and state aforesaid, formerly called the " Great Egg Harbor tract," but now generally known by the name of the " West Jersey Society tract," or on parts of the said premises, and that he had engaged laborers for that purpose, &c. It then proceeds in these words: " We therefore, in consideration of the premises, do strictly injoin and command you and your confederates, &c. that you from henceforth absolutely desist and refrain from cutting, felling, removing, working up, or in any way interfering with, the timber, wood or trees, standing, lying or being on the said premises, or any part thereof, and from erecting any cabins or other buildings on the said premises," &c.

From the terms of the writ, it is evident the whole tract is covered by it. Its meaning is so plain, that there can be no question about it. In cases of this kind the writ should be the criterion for the party who is injoined. It embodies the order of

the court upon the complaint made, and it should always be plain and certain on the face of it, so that the party may understand it, without any reference to the bill filed. If, on inspection of the bill, the injunction is found to be too broad, the defendant is not to abridge it at his discretion. His remedy is to apply for such a modification of it as is suited to the case made in the bill, and in the mean time he must obey the command of the writ. Taking this as the principle, and I cannot doubt its correctness, the party in this case stands without excuse. The injunction covers the whole tract, without any exception, and without allusion to exceptions of any kind. Its commands have been openly and continually violated.

The defendant insists, however, that according to the bill of the complainant, it appears there are excepted surveys within the bounds of the West Jersey Society tract, that do not belong to the complainant, and are not claimed by him; that these excepted surveys are not defined, or if at all, very vaguely defined in the bill; and that the cuttings have been altogether within the bounds of the excepted surveys, or of some of them, which are more particularly described by the witnesses.

It is true that the complainant speaks of exceptions in his survey, and that he speaks of them very indefinitely; but it is equally true, that he expressly denies that the places where these cuttings were made, were within any of the exceptions. On the contrary, he alleges them to be without the bounds of the excepted surveys, and constituting no part of them; that they have been in his possession upwards of thirty years; that he has paid the taxes and enjoyed all the rights of ownership over them. This is sufficiently explicit, and there can be no doubt from the bill itself that the injunction was intended especially to protect those parts of the tract, for there the principal destruction was being committed.

Such being the facts, the defendant cannot excuse himself on this ground. He has not denied the equity of the bill. He has not seen proper to file an answer to it. When he is called on to answer for a violation of the order of the court, he attempts to

[Richards v. West.]

show by evidence that the bill cannot be true, or that there is so much doubt about it as to excuse his open disobedience. This, if allowed, would subvert the authority of the court. The master who awarded the injunction had full power. If the propriety of the act is called in question, it must be in a mode consistent with the practice of the court, and not in one which contemns its authority.

Let the rule be made absolute, and an attachment issue accordingly.